**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MIGUEL HILARIO MARCOS VICENTE,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-72063

Agency No. A208-604-288

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 31, 2020[**]

Before: HAWKINS, GRABER, and CLIFTON, Circuit Judges.

Miguel Hilario Marcos Vicente, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum, withholding

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

of removal, and relief under the Convention Against Torture. We review for substantial evidence the agency's factual findings, *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014), and we review questions of law de novo, *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018). We deny the petition for review.

Marcos fails to challenge, and therefore waives, the agency's denial of CAT relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

The BIA did not err in declining to consider Marcos's arguments concerning a claim based on his Mayan heritage or an unidentified particular social group, theories that were raised for the first time to the BIA. *Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam) (BIA did not err in declining to consider argument raised for the first time on appeal); *In Re J-Y-C-*, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007) (issues not raised to the IJ are not properly before the BIA on appeal).

As to asylum and withholding of removal, substantial evidence supports the agency's determination that Marcos failed to establish that the threats, extortion, and physical harm he suffered were on account of his political opinion or membership in a particular social group.

The IJ denied the application on the ground that the persecution he suffered was not on account of his political opinion. Although the IJ found that Marcos had testified credibly that he was a member of the UNE political party, that he had been asked to join a rival political party by men wearing uniforms and had refused, and that he was later extorted and attacked by masked men wearing the same uniforms, the IJ found that he had not established that the extortion and attack were connected to the earlier recruitment attempts.

The IJ was not compelled to accept Marcos's inference that, because the unidentified uniforms were the same in both encounters, he was targeted due to his UNE involvement or his failure to join the rival political party. Several months had elapsed between the day he attended the rally and the extortion, and his abusers never mentioned his involvement with the UNE. In addition, the IJ noted that at least two of Marcos's friends who were UNE members remained in Guatemala without any evidence of harm.

The Supreme Court has held that being targeted because of resistance to recruitment, even forced recruitment, does not necessarily constitute persecution on account of a political opinion. *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 482 (1992) ("Thus, the mere existence of a generalized 'political' motive underlying . . . forced recruitment is inadequate to establish . . . the proposition that Elias-

3

Zacarias fears persecution on account of political opinion.") (emphasis omitted)).

Neither does fear of criminal misconduct nor resistance to extortion constitute an enumerated ground for relief.

Accordingly, the IJ's denial of asylum and withholding of removal was supported by substantial evidence.

**PETITION FOR REVIEW DENIED.**